**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:09-CV-00104**

| | |
|---|---|
| CARMEN M. RIEPE,<br>   Plaintiff,<br><br>v.<br><br>SARSTEDT, INC. and PETER<br>RUMSWINKEL,<br>   Defendants. | )<br>)<br>)<br>)<br>)  **ORDER**<br>)<br>)<br>)<br>) |

  **THIS MATTER** is before the Court on Defendants' Motion for Partial Dismissal, Plaintiff's Memorandum in Opposition, and Defendants' Reply to Plaintiff's Response in Opposition. (Documents #7, #13, #16.)

  **I. Background**

  This case arises out of the Complaint filed by Plaintiff on September 10, 2009, stating four claims for relief against Defendants Sarstedt, Inc. (hereinafter "Sarstedt") and Peter Rumswinkel (hereinafter "Rumswinkel"). According to her Complaint, Plaintiff suffered serious injury as a result of discrimination by her former employer, Defendant Sarstedt, and sexual harassment from a high-ranking employee at Sarstedt, Defendant Rumswinkel. In an Answer filed on November 13, 2009, Defendants deny all of the substantive allegations in the Complaint and assert fifteen Affirmative Defenses. (Document #6.) Defendants also filed a Motion for Partial Dismissal on the same date, requesting dismissal of four specific claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Document #7.) In response, on January 4, 2010, Plaintiff filed her "First Amended Complaint," which, although it clarifies Defendant Rumswinkel's employment status at

1

Sarstedt, contains no material modifications to Plaintiff's original claims. (Document #20.) Thus, while the Court may treat a motion to dismiss filed before an amended complaint as moot, it is not required to do so, and will not do so in this matter. Since all of the defects addressed by Defendants' motion to dismiss remain in the new pleading, the Court will consider Defendants' Motion for Partial Dismissal as being addressed to these same defects in the Amended Complaint. See Scott v. Nuvelle Financial Services, LLC, 2010 LEXIS 40225 at *7 (D. Md. April 23, 2010) (citing Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990)).

In the Amended Complaint, Plaintiff first raises a Title VII claim, alleging that both Defendants committed various acts and followed policies which discriminated against her because of her sex in violation of 42 U.S.C. §§ 2000e-3 and 2000e-5. Plaintiff also claims intentional infliction of emotional distress against both Defendants, based upon Defendant Rumswinkel's alleged misconduct and Defendant Sarstedt's ratification of that conduct. In Plaintiff's third cause of action, she claims negligent infliction of emotional distress against Defendant Sarstedt for failing to uphold its duty to provide a workplace free of sexual harassment and discrimination. Finally, Plaintiff alleges that by subjecting her to sexual harassment and discrimination, both Defendants violated the public policy of North Carolina. As relief for the Defendants' alleged wrongful conduct, Plaintiff requests that the Court award her compensatory and exemplary/punitive damages.

Defendants' Motion for Partial Dismissal identifies four of these claims which Defendants contend should be dismissed pursuant to Rule 12(b)(6). At the outset, Defendants argue that Plaintiff's Title VII claim is unsupportable as to Defendant Rumswinkel because, as a matter of law, individuals cannot be held liable under Title VII. Additionally, Defendants assert that Plaintiff's claim of intentional infliction of emotional distress must be dismissed as to Defendant Sarstedt because Plaintiff did not allege sufficient facts to hold Sarstedt liable for the purported misconduct

of its employee. According to Defendants, Plaintiff has failed to provide evidence necessary to establish any of the requisite elements of ratification by an employer. With regard to Plaintiff's third claim, negligent infliction of emotional distress by Defendant Sarstedt, Defendants argue it should be dismissed because it is founded solely on intentional conduct, which is inherently incompatible with a claim of negligence. Lastly, Defendants seek dismissal of Plaintiff's claim for violation of public policy on the grounds that her claim is untenable under the common law in North Carolina.[1]

As with the Motion for Partial Dismissal, the Court will consider Plaintiff's Memorandum in Opposition, (Document #13) although it was filed on December 4, 2009, prior to the Amended Complaint. In that memorandum, Plaintiff concedes that the Title VII claim against Defendant Rumswinkel in his individual capacity should be dismissed. Plaintiff also submits that the claim for violation of public policy against Defendant Rumswinkel should be dismissed because an individual cannot be held liable for an allegation of wrongful discharge.[2] With regard to the other claims that Defendants seek to dismiss, however, Plaintiff maintains that her allegations are sufficient to survive Defendants' Rule 12(b)(6) motion. This motion is now ripe for disposition.

**II. Standard of Review**

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. <u>Francis v. Giacomelli</u>, 588 F.3d 186, 192

---

[1] Initially Defendants disputed that such a claim existed under North Carolina law; however, after Plaintiff further developed her argument, Defendants acknowledged that North Carolina recognizes the claim, but insist that Plaintiff's allegation fails regardless because she was not actually discharged from employment. (Defs.' Reply to Pl.'s Response in Opp., 5.)

[2] Plaintiff's memorandum explains that the remaining claim for relief against Defendant Sarstedt is an allegation of wrongful discharge in violation of the public policy of North Carolina, by means of constructive discharge for her alleged refusal to violate the criminal law. (Pl.'s Memo. in Opp., 13.)

(4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 93-94, 127 S. Ct. 2197, 2200 (2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 1964 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." Twombly, 127 S. Ct. at 1964-65. Accordingly, to survive a Rule 12(b)(6) motion, a complaint must contain facts sufficient "to raise a right to relief above the speculative level" and to satisfy the court that the claim is "plausible on its face." Id. at 1965, 1974.

**III. Analysis**

**A. Title VII**

Regarding Plaintiff's first claim, as Defendants' argued in their Motion for Partial Dismissal and as Plaintiff now recognizes, Title VII only provides a cause of action against "employers," who are defined as "person[s] engaged in an industry affecting commerce who ha[ve] fifteen or more employees." 42 U.S.C. § 2000e(b) (1982). Therefore, Plaintiff's claim against Defendant Rumswinkel under Title VII must be dismissed because he is not an "employer" within the language of the statute. See, e.g., Baird ex. rel Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) (finding that Title VII does not provide a cause of action against individual defendants, such as supervisors, who do not qualify as employers); Lissau v. Southern Food Serv., 159 F.3d 177, 180 (4th Cir. 1998) (reading Title VII to foreclose individual liability). This claim against Defendant Rumswinkel is dismissed with prejudice.

### B. Intentional Infliction of Emotional Distress

Defendants' motion also asserts that Plaintiff's second claim for relief, intentional infliction of emotional distress, should be dismissed as to Defendant Sarstedt because Plaintiff cannot demonstrate ratification of Defendant Rumswinkel's alleged misconduct. Under North Carolina law, an employer may be held liable for the torts of an employee under the doctrine of *respondeat superior* in situations where: (1) the employer expressly authorizes the employee's act; (2) the tort is committed by the employee in the scope of employment and in furtherance of the employer's business; or (3) the employer ratifies the employee's tortious conduct. Denning-Boyles v. WCES, Inc., 123 N.C. App. 409, 414 (1996). To successfully recover, a plaintiff must show that the alleged circumstances fall into one of the aforementioned categories. Brown v. Burlington Indus., Inc., 93 N.C. App. 431, 436 (1989). In this case, Plaintiff proceeds under a theory of ratification, based upon Sarstedt's failure to take corrective action despite knowledge of Rumswinkel's proclivity to engage in sexually offensive conduct. (Pl.'s Memo. in Opp., 8.) However, to establish ratification by an employer, "it must be shown that the employer had knowledge of all material facts and circumstances relative to the wrongful act, and that the employer, by words or conduct, shows an intention to ratify the act." Brown, 93 N.C. App. at 437 (quoting Hogan v. Forsyth Country Club Co., 79 N.C. App. 483, 492 (1986)). If the employer had knowledge of all material facts, "any course of conduct . . . which reasonably tends to show an intention . . . to ratify," including "an omission to act," may be sufficient. Id.

In ruling on Defendants' motion, the foremost issue is whether Plaintiff has alleged any facts indicating that Defendant Sarstedt had sufficient knowledge of the circumstances to ratify the alleged harassment. Courts addressing this question in pre-trial motions have not strictly required

5

that plaintiffs show that the employer knew absolutely every detail of the misconduct. See e.g., Denning-Boyles, 123 N.C. App. at 415. If the employer is alleged to have had knowledge of facts "which would lead a person of ordinary prudence to investigate further, and he fail[ed] to make such investigation," a trier of fact may determine there is sufficient evidence to support a theory of ratification. Id. (citing Restatement (Second) of Agency § 91, Comment e, p. 235 (1958)). Yet, it seems evident that to satisfy even that standard, at the very least the employee, another individual, or a telling event must have brought the harassment to the employer's attention. That core fact is noticeably absent in this case; Plaintiff does not claim that she informed anyone at Sarstedt of the alleged harassment, but contends that the company should have presumed its occurrence due to a prior incident involving Rumswinkel and a former employee. (Am. Compl., 8.) The question, therefore, is whether Defendant Sarstedt's purported knowledge of Rumswinkel's harassment of a previous employee is sufficient to establish that a person of ordinary prudence would have investigated further into his conduct toward Plaintiff. Damaging to Plaintiff's claim is that Plaintiff does not cite, and the Court has not found, any precedent in which an employer's alleged awareness of an employee's "proclivity to engage in sexually offensive conduct" (Pl.'s Memo. in Opp., 8) has been relied upon as a basis for ratification.

Indeed, an examination of relevant decisions from North Carolina courts reveals that an allegation of ratification in this context is insupportable without facts indicating that the employer was informed of the plaintiff's claim of harassment. In both cases that Plaintiff cites in support of her contrary argument, the employee directly complained of the sexual harassment to someone with authority to take action. Guthrie v. Conroy, 152 N.C. App. 15 25-28 (2002) (finding a genuine issue of material fact regarding ratification where the plaintiff repeatedly alerted her supervisor of the harassment, but her supervisor failed to intervene); Brown, 93 N.C. App. at 437-38 (affirming

finding of ratification where the plaintiff reported the problem to her supervisor, who had a duty to inform higher authorities, but failed to do so). Similarly, in other cases, courts have only permitted claims of ratification due to employer inaction in situations in which plaintiffs addressed the specific misconduct with supervisors or management. See e.g., Bryant v. Thalhimer Bros., 113 N.C. App. 1, 27-29 (1993) (confirming that plaintiff had presented sufficient evidence to establish a prima facie case of ratification by showing that she had repeated conversations with supervisory personnel regarding the harassment); Phelps v. Vassey, 113 N.C. App. 132, 136-37 (1993) (affirming summary judgment and determining that plaintiff's failure to allege facts showing that she complained to an employee with authority to take action was fatal to her claim of ratification).

Here, because Plaintiff did not inform anyone at Sarstedt that Rumswinkel was harassing her during her employment, the facts alleged are insufficient to state a claim of ratification that is "plausible on its face," Twombly, 127 S. Ct. at 1974. Certainly more than mere awareness of a separate past incident is required to show that Defendant Sarstedt "had knowledge of all material facts and circumstances relative to the wrongful act," Brown, 93 N.C. App, at 437, complained of by *this* Plaintiff. It is also apparent that Rumswinkel's alleged harassment of Plaintiff was not so pervasive that Defendant Sarstedt's knowledge could be inferred under a theory of constructive notice. See Mills v. Brown & Wood, 940 F. Supp. 903, 909 (E.D.N.C. 1996). Accordingly, Defendant Sarstedt cannot be assigned common law tort liability for Defendant Rumswinkel's acts under a theory of *respondeat superior*. See Salley v. Petrolane, Inc., 764 F. Supp. 61, 64 (1991) (deciding that the employer could not be held liable for its employee's torts because there was no proof that the employer had knowledge of all the material facts). Plaintiff's claim against Defendant Sarstedt for intentional infliction of emotional distress is dismissed with prejudice.

### C. Negligent Infliction of Emotional Distress

Next, Defendants move the Court to dismiss Plaintiff's claim of negligent infliction of emotional distress against Defendant Sarstedt because it is based solely on intentional conduct. (Defs.' Mot. for Part. Dismissal, 2.) A claim of negligent infliction of emotional distress requires three elements: (1) the defendant negligently engaged in conduct; (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress; and (3) the conduct did in fact cause plaintiff severe emotional distress. Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A., 327 N.C. 283, 304 (1990). The issue in this case is the first element - Defendants maintain that Plaintiff has only alleged intentional conduct on behalf of Defendant Sarstedt, while merely stating in conclusory fashion that Sarstedt was negligent in protecting Plaintiff from sexual harassment.

Without question, basing a claim upon intentional conduct and simply labeling it as negligent is untenable as an attempt to state a cause of action for negligence. This manner of pleading and proving negligent infliction of emotional distress has repeatedly been held to be deficient. Mitchell v. Lydall, Inc., 1994 U.S. App. LEXIS 2177, at *9-10 (4th Cir. Feb. 10, 1994) (affirming dismissal of NIED claim because the complaint contained "merely a single, conclusory allegation that Lydall was negligent; the material factual allegations charge[d] nothing but intentional acts"); Bratcher v. Pharm. Prod. Dev., Inc., F. Supp. 2d 533, 545 (E.D.N.C. 2008) (granting motion to dismiss because the employee's NIED claim did not involve negligent conduct, but instead the complaint stated that she suffered due to "the willful, wanton and malicious conduct of the Defendant's lack of intervention"). The Court agrees with Defendants that Plaintiff has made the same mistake in her allegations in this case.

In Plaintiff's filings, she repeatedly asserts that Defendant Sarstedt adopted policies that discriminated against her because of her sex, concealed Defendant Rumswinkel's behavior, and

8

consciously chose to retain him rather than protect its female employees. (Am. Compl., 6-8; Pl.'s Memo. in Opp., 9.) An employer cannot actively engage in such a scheme of discrimination while simultaneously negligently failing to employ procedures "to maintain a work place free of sexual harassment and discriminatory conduct" (Am. Compl., 9). These accusations are directly inconsistent with an allegation of negligence and perhaps that explains why Plaintiff opted not to raise a claim of negligent retention and supervision, which is generally more suited to this context. Taking all the factual allegations as true and construing them in the light most favorable to Plaintiff, the Court concludes that Plaintiff has not provided "more than labels and conclusions," Twombly, 127 S. Ct. at 1965. Accordingly, the claim of negligent infliction of emotional distress against Defendant Sarstedt is dismissed with prejudice.

### D. Public Policy of North Carolina

The final claim is against both Defendants for violating the public policy of North Carolina. While Plaintiff maintains that she has stated a cognizable claim against Defendant Sarstedt, she concedes that it should be dismissed as to Defendant Rumswinkel in his individual capacity. Plaintiff's concession, of course, is not dispositive. Nevertheless, it is well-established that a supervisor may not be held liable in an individual capacity for wrongful discharge in violation of public policy in North Carolina. Waters v. Collins & Aikman Prods. Co., 208 F. Supp. 2d 593, 595 (W.D.N.C. 2002). Thus, Plaintiff's claim against Defendant Rumswinkel for violating North Carolina public policy is dismissed with prejudice.

Regarding Plaintiff's claim against Defendant Sarstedt, Defendants contend that because Plaintiff was not actually discharged from her employment, the claim fails as a matter of law. Plaintiff rejects the assertion that this is determinative, arguing instead that North Carolina courts recognize claims for wrongful discharge in violation of public policy in cases in which an employee

9

is constructively discharged for refusing to violate the criminal law. (Pl.'s Memo. in Opp., 15). In building this argument, however, Plaintiff attempts to broaden the scope of this cause of action beyond the limits imposed by current law.

North Carolina adheres to the employment-at-will doctrine pursuant to which an employee may be discharged "for no reason, or for any arbitrary or irrational reason." Coman v. Thomas Mfg. Co., Inc., 325 N.C. 172, 175 (1989) (quoting Sides v. Duke University, 74 N.C. App. 331, 342 (1985), rev. denied, 314 N.C. 331 (1985)). Yet within that general principle, courts have recognized a narrow exception that "there can be no right to terminate [a contract at will] for an unlawful reason or purpose that contravenes public policy." Id. The breadth of this exception remains unsettled, and Plaintiff relies upon the North Carolina Supreme Court's language in Coman to support her contention that it encompasses claims by employees alleging only constructive discharge from employment. See id. at 174 (characterizing the plaintiff's reduction in pay as "tantamount to a discharge"). But to permit Plaintiff to proceed under this analysis, the Court would be forced to ignore the numerous North Carolina cases following that decision which have held that an employee must allege actual discharge from employment to state a claim for violation of public policy. See e.g., Gravitte v. Mitsubishi Semiconductor America, 109 N.C. App. 466, 472 (1993) (holding that if the plaintiff voluntarily resigned, she could not bring a claim for wrongful discharge), rev. denied, 334 N.C. 163 (1993); Mitchell v. Bandag, Inc., 147 F. Supp. 2d 395, 399 (E.D.N.C. 1998) (concluding that to proceed under the public policy exception established in Coman, "plaintiff[s] must allege facts [that] indicate that [they were] in fact 'discharged,'" rather than voluntarily resigned).

In fact, Plaintiff does not cite any decision following Coman in which a North Carolina court has allowed an employee to pursue this claim in a case involving a constructive discharge.[3] Instead she primarily focuses upon Harrison v. Edison Bros. Apparel Stores, Inc., 924 F.2d 530 (4th Cir. 1991), a case involving similar facts to this matter, but with one significant difference: the plaintiff's employment was actually terminated by her employer. Id. at 534 ("[s]he was asked to commit an act prohibited by the criminal law. She refused; she was fired"). At present, the Court is convinced that this continues to be a threshold allegation necessary to state a claim for relief for wrongful discharge in violation of the public policy of North Carolina. In two recent unpublished opinions this Court has emphasized that federal courts are unwilling to expand the claim to include constructive discharges in the absence of express allowance by North Carolina's state courts. Sesco v. Dana World Trade Corp., 2002 U.S. Dist. LEXIS 3072, at *17 (W.D.N.C. Feb. 7, 2002) (limiting such claims to actual terminations only, and stating that "[f]ederal courts are not the advocates for expansion of state law"); Ravan v. Forest Pharms., Inc., 2009 U.S. Dist. LEXIS 35942, at *9-10 (W.D.N.C. Apr. 15, 2009) (stressing that "[f]ederal courts considering this issue have consistently refused to recognize a North Carolina state public policy claim unless the plaintiff was wrongfully terminated"). The state of the law, and therefore the Court's position, remain unchanged; until North Carolina courts expressly recognize constructive discharges for claims of wrongful discharge in violation of public policy, this Court will also refuse to do so.

Despite Plaintiff's attempt to refine her argument in response to Defendants' Motion for Partial Dismissal, her claim of wrongful discharge in violation of North Carolina public policy fails

---

[3] Plaintiff refers the Court to Garner v. Retenbach Constructors, Inc., 350 N.C. 567, 570 (1999) (stating that the facts in Coman "amounted to a constructive discharge"). However, the mention of constructive discharge was mere dicta and irrelevant to the case before the court; the plaintiff in Garner was in fact discharged by his employer.

11

because she was not actually discharged from her employment. For this reason, Plaintiff's claim against Defendant Sarstedt is dismissed with prejudice.

**IV. Order**

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Partial Dismissal is hereby **GRANTED**. Accordingly, the aforementioned claims are <u>dismissed with prejudice</u>.

Signed: August 23, 2010

Richard L. Voorhees
United States District Judge