# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 5:09-cv-104

| | |
|---|---|
| CARMEN RIEPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| SARSTEDT, INC. and PETER ) | |
| RUMSWINKEL, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss for Failure to Prosecute (Document #27), filed November 10, 2010. Plaintiff has not filed a responsive pleading to Defendants' motion. This matter is now ripe for disposition.

## I. BACKGROUND

On September 10, 2009, Plaintiff filed a Complaint against Defendants alleging, among other claims, violation of her civil rights. (Document #1.) On August 23, 2010, this Court entered an Order granting Defendants' Partial Motion to Dismiss, disposing of several of Plaintiff's claims. (Document #22.)

On July 11, 2010 Plaintiff notified her counsel that she planned to take an extended trip to Germany. Plaintiff further informed her counsel that she planned to depart no later than the end of October and that she would be able to return at anytime as she was needed. Throughout the month of September, Counsel for Defendants attempted to schedule Plaintiff's deposition and a mediation through communications with Plaintiff's counsel. On or about September 10, 2010, the parties, through counsel, tentatively scheduled Plaintiffs' deposition for sometime

during the first two weeks of November, with a mediation to be conducted following the depositions. On October 12, 2010 Plaintiff informed her attorney that she intended to stay in Germany because her husband had suffered a heart attack and was hospitalized in the ICU, precluding her return to the United States. Counsel for Plaintiff requested corroborative evidence of Plaintiff's husband's heart condition. Plaintiff's counsel informed his client that he would move to withdraw if she did not return for the deposition or provide corroborative evidence as to the reasons why she could not return. Plaintiff did not respond with such corroborating evidence and, on November 4, 2010, Plaintiff's counsel filed a Motion to Withdraw. (Document #25.) In his motion, Plaintiff's counsel stated that Plaintiff "has essentially ceased timely communication" with counsel. (Document #25 ¶ 7.)

On November 10, 2010, Defendants filed a Motion to Dismiss for Lack of Prosecution. (Document #27.) Because Plaintiff still did not respond, this Court entered an Order to Show Cause (Document #30) on December 9, 2010, directing Plaintiff to communicate to this Court or her attorney whether she intended to proceed with this case. The Order specified that Plaintiff should communicate her intention to proceed with this case on or before January 10, 2011. The Order also warned Plaintiff that failure to so communicate with this Court or her attorney could result in the dismissal or her case with prejudice. Proper notice of this Order was sent to Plaintiff by the Clerk on December 9, 2010. For further measure, Plaintiff's counsel also sent notice of the December 9, 2010, Order to Plaintiff. Despite the clear warning of this Court, Plaintiff did not communicate with her attorney or this Court. On February 3, 2010 Magistrate Judge David Keesler entered an Order granting the motion by Plaintiff's Attorney to withdraw as attorney for Plaintiff. (Document #35.)

## II. STANDARD OF REVIEW

Federal Courts have the authority to dismiss a plaintiff's action with prejudice because of a plaintiff's failure to prosecute a complaint. *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). The authority to dismiss a case for failure to prosecute is derived from the Court's inherent power to manage its docket. *Id.* at 630-31. District Courts may act on their own initiative to dismiss cases for failure to prosecute and may do so without notice to the plaintiff. *Id.* at 631. These concepts are codified in Rule 41(b) of the Federal Rules of Civil Procedure. *Cooper Agency v. United States*, 327 F. Supp. 948, 953 (D.S.C. 1971).

A failure to prosecute manifests itself by a plaintiff's inaction, pattern of deliberate delay or other contumacious behavior. *Lyell Theatre Corp. Vv. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). The test a district court uses in determining whether it must dismiss a case for failure to prosecute is "whether there has been a lack of diligence by the plaintiff to prosecute and not a showing by the defendant that it will be prejudiced by denial of its motion. *O'Shea v. Binswanger*, 42 F.R.D. 21, 23 (D. Md. 1967).

## III. DISCUSSION

Plaintiff's inaction and failure to communicate with this Court and her attorney demonstrate a lack of diligence sufficient to justify dismissal of her claims with prejudice. Plaintiff informed her attorney that she intended to stay in Germany due to her husband's purported medical condition in early October. Plaintiff's counsel asked his client for documentation regarding Plaintiff's husband's medical condition. Plaintiff, however, did not provide any such documentation. Plaintiff further demonstrated a lack of diligence in bringing her claim when she did not respond to the Defendant's Motion to Dismiss for Failure to

3

Prosecute on November 10, 2010.

Finally, the Show Cause Order entered by this Court on December 9, 2010 provided Plaintiff with sufficient notice that a failure to respond could result in dismissal of her claims with prejudice. Despite sufficient notice, Plaintiff failed to act. Plaintiff's failure to respond to the Show Cause Order and lack of diligence in bringing her claim make dismissal of her claims with prejudice appropriate. Therefore, this Court will **DISMISS** Plaintiff's claims with prejudice.

## IV. CONCLUSION

**IT IS, HEREBY, ORDERED** that Defendants' Motion for Failure to Prosecute (Document #27) is **GRANTED**.

Signed: March 1, 2011

Richard L. Voorhees
United States District Judge